***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff's decedent and defendant-employer at all relevant times.
3. Aetna Life Casualty Company is the carrier on the risk.
4. Plaintiff's decedent died on October 19, 2002.
5. At the time of his death, Everett Norris was survived by his wife, Emma Jane Norris, and four adult children. None of Mr. Norris's children were dependent upon him for support.
6. The issues for determination are:
(a) Whether Everett Norris's death was caused by his compensable occupational lung disease;
(b) Whether Emma Jane Norris was incapable of supporting herself due to physical or mental disability on the date of Everett Norris's death;
(c) Whether the Full Commission's May 30, 1996, Opinion and Award constituted a final determination of disability within the meaning of N.C. Gen. Stat. § 97-38; and,
(d) Whether plaintiff's claim for death benefits, burial expenses, and disabled widow benefits is barred by the time limitation in N.C. Gen. Stat. § 97-38.
7. The following stipulated exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: Indexed set of documents
(c) Stipulated Exhibit 3: Questions to and responses from Dr. Mark Reidy
(d) Stipulated Exhibit 4: Questions to and responses from Dr. Tom Christensen
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of Everett Norris's death on October 19, 2002, he was married to Emma Jane Norris, who was 65 years old. Mr. Norris was survived by his wife and four children. All of his children were more than 18 years of age and none of his children were dependent upon him for support. On the date of Mr. Norris's death, no one other than Emma Jane Norris was dependent upon him for support.
2. On October 19, 2002, Emma Jane Norris was incapable of supporting herself due to physical and mental disabilities.
3. Everett Norris's death was caused or significantly contributed to by his compensable occupational lung disease. His death did not occur within two years of the date he contracted the disease.
4. As of the date of Mr. Norris's death, there had never been a final determination of his disability. The Industrial Commission had never determined if his lung disease was permanent, whether he had reached maximum medical improvement, or what compensation, if any, he was entitled to receive for permanent injury or damage to his lungs. Likewise, the Industrial Commission had not determined that he was permanently, totally disabled. The Industrial Commission only determined that Mr. Norris contracted an occupational disease as a result of his employment with defendant-employer and that he was entitled to ongoing total disability compensation.
5. As there has never been a final determination of plaintiff's disability, the Full Commission finds that this clam was not filed more than two years after a final determination of disability.
6. The Opinion and Award of the Full Commission filed herein on April 15, 1997 did not determine that Mr. Norris was permanently and totally disabled. Rather, it determined only that Mr. Norris was temporarily totally disabled and entitled to compensation pursuant to N.C. Gen. Stat. § 97-29 "so long as he remains totally disabled."
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The May 30, 1996, Opinion and Award of the Full Commission did not finally determine Everett Norris's disability. Thus, plaintiff's claim was filed within the time limitations established by N.C. Gen. Stat. § 97-38.
2. On October 19, 2002, Everett Lee Norris died as a result of his occupational lung disease. Plaintiff, Emma Jane Norris, is the only person who was dependent on Mr. Norris on the date of his death. N.C. Gen. Stat. §97-38.
3. On October 19, 2002, Emma Jane Norris, was unable to support herself because of physical and mental disability and is thus entitled to compensation at the rate of $198.93 per week for 400 weeks beginning October 19, 2002. At the expiration of the 400 weeks period, payments shall continue at the rate of $198.93 per week for the remainder of her life or until remarriage. N.C. Gen. Stat. § 97-38.
4. The person or persons who paid the burial expenses of Everett Norris are entitled to payment thereof in an amount up to $3,500.00. N.C. Gen. Stat. § 97-38.2.
5. In their brief, defendants argue that the Court of Appeals' decision in this claim determined that the Full Commission concluded that Mr. Norris was permanently and totally disabled. In its decision, the Court of Appeals recited the procedural history of this claim and in doing so stated that "the Commission filed an opinion and award awarding plaintiff compensation for permanent and total disability." However, the Court then stated, accurately, that the Commission concluded that plaintiffs "disability is total and likely permanent" (emphasis added). Although not stated specifically, by relying on the Court of Appeals' decision in this claim, NO. C0A96-1201, defendants argue that plaintiff is bound by "the law of the case."
"[W]hen an appellate court passes on questions and remands the case for further proceedings to the trial court, the questions therein actually presented and necessarily involved in determining the case, and the decision on those questions become the law of the case."Creech v. Melnik, 147 N.C. App. 471, 473, 556 S.E.2d 587,589 (2001). Pursuant to the law of the case doctrine, "an appellate court ruling on a question governs the resolution of that question both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal." Id. at 473-74,556 S.E.2d at 589. The law of the case doctrine, however, only applies to points actually presented and necessary for the determination of the case and not to obiter dicta. Kanipe v. Lane Upholstery, 151 N.C. App. 478,566 S.E.2d 167 (2002). Assuming that the Court intended to characterize the Full Commission's May 1996 decision as an award of compensation for permanent and total disability, whether plaintiff's disability was temporary or permanent was not an issue before the Court. Therefore, the Court's characterization of the award was dicta and did not establish the "law of the case."
The only issue presented for decision by the Court of Appeals in NO. C0A96-1202 was whether "the Full Commission erred in concluding that plaintiff suffered from an occupational disease resulting from his employment at defendant-employer because its conclusion is based upon findings of fact which are not supported by credible evidence".
In fact, in their brief to the Court of Appeals, defendants stated:
 All assignments of error, all exceptions taken and all issues presented boil down to two basic issues:
 1. Did the Plaintiff's occupational exposure to wood dust subject him to a greater risk of contracting chronic obstructive pulmonary disease than member of the general public, or
 2. Did Plaintiff's occupational exposure to wood dust significantly contribute to, or was it a significant cause or factor in the disease's development?
As reflected by the Court of Appeals' decision and defendant-appellant's brief, the only issue before the Court was whether plaintiff contracted an occupational disease as a result of his employment with defendant-employer. There was no issue before the Court as to whether plaintiff's disability was temporary or permanent, and the Court did not address the issue exmero motu. Therefore, to the extent that the Court's decision describes the Commission's award as an award of compensation for permanent and total disability, the Court was not addressing an issue that was actually raised by the appeal and therefore, its decision is not "the law of the case." Id. The May 1996 decision in this claim decided only two issues: (1) whether Mr. Norris contracted an occupational disease, and (2) whether he was entitled to compensation for temporary total disability compensation. The Full Commission's May 30, 1996, Opinion and Award did not decide whether plaintiff's condition or his disability was permanent. The decision did not determine that Mr. Norris had reached MMI or that he had reached the end of his healing period. Likewise, the decision did not determine what compensation he was entitled to receive pursuant to N.C. Gen. Stat. § 97-31(24). An Opinion and Award that decides only these preliminary issues is an initial award, and not a final award, of the Industrial Commission.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff compensation at the rate of $198.93 per week for 400 weeks beginning October 19, 2002. At the expiration of the 400 weeks period, payments shall continue at the rate of $198.93 per week for the remainder of plaintiff's life or until remarriage. The portion of this amount that has accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee provided herein.
2. Defendants shall pay the person or persons who paid the burial expenses for Everett Norris an amount up to $3,500.00 for those expenses.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff in paragraph 1 is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from that amount and shall be paid directly to plaintiff's attorney; thereafter, every fourth payment due plaintiff shall be made payable to plaintiff's attorney as an attorney's fee.
4. Defendants shall pay the costs.
This 2nd day of May 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER